IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERESA J. MOORE,
GERTRUDE V. VIZMANOS,

    Plaintiffs,

  vs.

BANK OF AMERICA, et al.,

    Defendants.

No. CIV S-10-2445 FCD EFB PS

ORDER AND
<u>FINDINGS AND RECOMMENDATIONS</u>

On December 1, 2010, plaintiff Teresa Moore filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(1). Dckt. No. 13. Then, on December 8, 2010, because it was unclear from Moore's filing whether only Moore was seeking the voluntary dismissal or whether plaintiff Gertrude Vizmanos was also seeking the dismissal, and whether plaintiff(s) were seeking to dismiss only defendant Bank of America or all defendants, the undersigned issued an order directing plaintiff(s) to file a revised notice of voluntary dismissal clarifying those issues. Dckt. No. 14.

On December 16, 2010, Moore filed a revised notice of voluntary dismissal clarifying that only she was seeking the dismissal (not Vizmanos) and that she was seeking to dismiss her claims against all defendants. Dckt. No. 15. Rule 41(a) permits fewer than all plaintiffs to withdraw from an action and authorizes a plaintiff to dismiss, without a court order, any defendants who have not yet served either an answer or a motion for summary judgment. *See*

1

Fed. R. Civ. P. 41(a); *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993) ("Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment."); *Moore's Federal Practice*, § 41.21[3][b] (3d ed. 2010) ("Under the same rationale authorizing the dismissal of fewer than all defendants . . . , courts have held that Rule 41(a) permits fewer than all plaintiffs to withdraw from an action."). Here, only defendant Edward Turner has filed an answer to plaintiffs' complaint and no defendant has served a motion for summary judgment. *See* Dckt. No. 12. Therefore, upon the filing of Moore's revised notice of voluntary dismissal, Dckt. No. 15, her claims against all defendants except Turner were voluntarily dismissed.

However, because Moore also seeks to dismiss defendant Turner, who has filed an answer to plaintiffs' complaint, and because Moore has not obtained a stipulation of dismissal by all parties who have appeared in this action, the dismissal of defendant Turner must be by court order. *See* Fed. R. Civ. P. 41(a)(1)(A); 41(a)(2).

Accordingly, it is hereby RECOMMENDED that plaintiff Moore's claims against defendant Turner be dismissed without prejudice pursuant to Rule 41(a)(2) and that Moore be permitted to withdraw as a plaintiff in this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: December 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE