1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GERTRUDE V. VIZMANOS,

11            Plaintiff,                    No. CIV S-10-2445 FCD EFB PS

12        vs.

13   BANK OF AMERICA; RECONTRUST
     COMPANY; US BANK NATIONAL
14   ASSOCIATION; HARBORVIEW 2006-1
     TRUST; AMIR ENTERPRISES LLC;
15   MELVIN STRONG; JUDY SCHILLING;
     HADI R. SAYID-ALI; ED TURNER; and
16   DOES 1-100,
                                           ORDER TO SHOW CAUSE
17            Defendants.
                                    /
18

19        This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

20   Eastern District of California Local Rule 302(c)(21).[1]  *See* 28 U.S.C. § 636(b)(1).  Defendants

21   Bank of America, N.A., ReconTrust Company, N.A., and U.S. Bank National Association, as

22   Trustee for Harborview 2006-1 Trust Fund, move to dismiss the complaint and have noticed the

23   motion to be heard on February 9, 2011.  Dckt. Nos. 5, 18.

24   ////

25   ─────────────────────
          [1]  Former plaintiff Teresa Moore was dismissed from this action on February 7, 2011.
26   Dckt. Nos. 15, 16, 20.

                                            1

Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to defendants' motion. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by January 26, 2011. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss, Dckt. Nos. 5 and 18, is continued to March 9, 2011.

2. Plaintiff shall show cause, in writing, no later than February 23, 2011, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than February 23, 2011.

4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack

2

1  of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See*

2  Fed. R. Civ. P. 41(b).

3      5.  Defendants may file a reply to plaintiff's opposition, if any, on or before March 2,

4  2011.

5      SO ORDERED.

6  Dated:  February 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3